UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

SUZANNE L. ROACH,                  Case No.     21-13557-PDR

Debtor.                                Chapter 13

RUSSELL EVERETT CONN and KATRINA LEE CONN,

               Plaintiffs,

vs.                                         Adversary No._____

SUZANNE L. ROACH a/k/a SUZANNE CONN,

               Defendant.

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT PURSUANT TO 11 U.S.C. §§523 (a)(2), 523 (a)(4) and 523 (a)(6)**

Russell Everett Conn ("Russell") and Katrina Lee Conn ("Katrina"), by counsel and pursuant to 11 U.S.C. §§523 (a)(2), 523 (a)(4) and 523 (a)(6) and Rule 7001 of the Federal Rules of Bankruptcy Procedure, for their Complaint against Suzanne L. Roach a/k/a Suzanne Conn ("Roach"), state as follows:

1. On April 15, 2021 (the "Petition Date"), Roach filed a voluntary petition under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Case").

2. The deadline within which to timely file complaints to determine the dischargeability of debts in the Bankruptcy Case is July 20, 2021.

3. Roach is an individual, and resident of Hollywood, Broward County, Florida,

and is otherwise *sui juris*.

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1409.

6. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

7. The facts and circumstances of Roach's obligations to Russell and Katrina were extensively litigated in that certain case styled <u>Russell Everett Conn and Katrina Lee Conn v. Suzanne Conn a/k/a Suzanne Roach</u>, Case No. CONO-19-000748 in the County Court of the 17th Judicial Circuit, in and for Broward County, Florida (the "State Court Litigation") from approximately January, 2019 until the Petition Date.

8. The State Court Litigation centered upon Roach's fiduciary duty to Russell and Katrina regarding a timeshare in Monroe County, Florida.

9. Roach violated her fiduciary duty as trustee of a land trust of which Russell and Katrina were known beneficiaries when she failed to convey the right, title and interest in the subject timeshare to Russell and Katrina despite Roach's clear and unequivocal obligation.

10. Instead, Roach conveyed all right, title and interest in the timeshare to herself. A copy of the referenced deed is attached hereto as **Exhibit 1** and incorporated herein by reference.

11. Roach's actions constitute defalcation while acting in a fiduciary capacity.

12. Roach's actions were willful and malicious and intended to harm Russell and Katrina and benefit Roach.

13. At the conclusion of extensive litigation and motion practice, Russell and Katrina prevailed in the State Court Litigation and obtained a Summary Judgment in their favor

and against Roach determining Roach's breach of fiduciary duty owed to Russell and Katrina (the "Summary Judgment").  A copy of the referenced Summary Judgment is attached hereto as **Exhibit 2** and incorporated herein by reference.

14. Thereafter, Roach partially complied with the Summary Judgment by executing, delivering and recording a quit claim deed to Russell and Katrina.  However, the instant Bankruptcy Case precluded a hearing and judicial determination upon the remaining matters ordered in the Summary Judgment, to wit: (a) damages; and (b) reimbursement of reasonable attorneys' fees and costs incurred.

15. Russell and Katrina retained the undersigned attorneys to pursue this proceeding and are obligated to compensate their attorneys with a reasonable fee.

### COUNT I: 11 U.S.C. § 523(a)(2)(A)

16. Plaintiffs repeat and reallege paragraphs 1-15 above as though fully set forth herein.

17. The debt, including attorneys' fees, costs, and expenses, arising from the property Roach obtained by false pretenses, false representations, and/or actual is a nondischargeable debt of Roach pursuant to 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, Plaintiffs pray for:  (a) a determination that the debt, including attorneys' fees, costs, and expenses, arising from the property Roach obtained by false pretenses, false representations, and/or actual fraud is a nondischargeable debt of Roach pursuant to 11 U.S.C. § 523(a)(2)(A); and (b) all other and further relief the Court deems just and proper.

### COUNT II: 11 U.S.C. § 523(a)(4)

18. Plaintiffs repeat and reallege paragraphs 1-15 above as though fully set forth herein.

19. The debt, including attorneys' fees, costs, and expenses, arising from Roach's failure to convey timeshare interest to Plaintiffs is a result of defalcation while acting in a fiduciary capacity, and is a nondischargeable debt of Roach pursuant to 11 U.S.C. § 523(a)(4).

WHEREFORE, Plaintiffs pray for: (a) a determination that the debt, including attorneys' fees, costs, and expenses, arising from Roach's failure to convey timeshare interest to Plaintiffs is a nondischargeable debt of Roach pursuant to 11 U.S.C. § 523(a)(4); and (b) all other and further relief the Court deems just and proper.

### COUNT III: 11 U.S.C. § 523(a)(6)

20. Plaintiffs repeat and reallege paragraphs 1-15 above as though fully set forth herein.

21. The debt, including attorneys' fees, costs, and expenses, arising from the willful and malicious injury to Plaintiffs is a nondischargeable debt of Roach pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, Plaintiffs pray for: (a) a determination that the debt, including attorneys' fees, costs, and expenses, arising from the willful and malicious injury to Plaintiffs is a nondischargeable debt of Roach for which she is liable pursuant to 11 U.S.C. § 523(a)(6); and (b) all other and further relief the Court deems just and proper.

Dated: July 19, 2021

    Law Offices of Stephen Orchard
    Attorney for Plaintiffs
    2255 Glades Road, Suite 324A
    Boca Raton, FL 33431
    sporchard@orchardlaw.com
    (561) 455-7961  (561) 455-7962 Fax

    By:  /s/ Stephen P. Orchard
        Stephen P. Orchard
        Florida Bar Number 580724