

**ORDERED in the Southern District of Florida on August 16, 2022.**



                **Peter D. Russin, Judge**
                **United States Bankruptcy Court**

_Tagged Opinion_

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

In re:

Suzanne L. Roach,

    Debtor.
_____/

Russell Everett Conn and
Katrina Lee Conn,

    Plaintiffs,

v.

Suzanne L. Roach,

    Defendant.
_____/

Case No. 21-13557-PDR

Chapter 13

Adv. Case No. 21-01233-PDR

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This is a story about a mother and her children at odds over a timeshare. The dispute has been litigated in state court and follows the parties to this Court as the mother seeks to discharge the resulting debt to her children. What complicates matters is that she is not just a mother, and the children are not just her offspring—she is the trustee of a trust holding the timeshare for the children's benefit. While parents and children perhaps expect more than they should from each other, in this case the law appropriately holds those acting in a fiduciary capacity to a high standard. If, in that fiduciary capacity, the trustee falls short, debts that arise from that failing may be nondischargeable. That is the result here. While the Court's preferred remedy would be requiring the parties to "hug it out", jurisdictional limits restrict the Court to ruling only on the dischargeability of the debt.

## Background

In 1992, Suzanne Roach (the "Mother" or the "Defendant") and her Former Husband created a Land Trust to hold their interest in a Timeshare for the benefit of the Defendant and her two children, Russell Everett Conn and Katrina Lee Conn (the "Plaintiffs" or the "Children"). The Mother and her Former Husband served as co-trustees of the Land Trust and were responsible for making alternating annual maintenance payments related to the Timeshare (the "Timeshare Payments"). The Land Trust Agreement does not require the Land Trust to reimburse the co-trustees for the Timeshare Payments. The Mother made her Timeshare Payments and covered the Former Husband's when he failed to make his. Under the Land Trust Agreement,

after twenty years, the trustees were to convey the interest in the Timeshare to the beneficiaries—50% to the Mother and 25% to each of the Children.

Twenty years passed and the Timeshare was not conveyed to the beneficiaries. Then, in 2018, the Former Husband died, and the Mother became the sole trustee of the Land Trust. When the Children sought their share of the Timeshare from their Mother, she refused to convey it to them until she was repaid the Timeshare Payments she advanced for her Former Husband. After the Children refused their Mother's demand, the Mother transferred the Land Trust's entire interest in the Timeshare—the sole trust *res*—to herself individually. She did not consult legal counsel before making the decision to do so.

In response, the Children sued their Mother in Florida state court for breach of contract and breach of fiduciary duty.[1] The state court granted summary judgment in favor of the Children, specifically finding that the Mother "materially breached the Land Trust Agreement and her fiduciary duty by . . . failing to transfer the Property . . . and . . . by recording a Quit Claim Deed from [herself as trustee] to [herself] individually" and ordered the Timeshare to be transferred 25% each to the Children (the "State Court Summary Judgment"). In addition, the state court granted fees and costs under Fla. Stat. § 736.1004, which requires courts to provide fees and costs "[i]n all actions for breach of fiduciary duty or challenging the exercise of, or failure to exercise, a trustee's powers." The Mother transferred the Timeshare to the Children as required, but the state court was unable to adjudicate the amount of fees and costs

---

[1] *See Conn v. Roach*, No. CONO-19-000748 (Fla. 17th Jud. Cir. Ct.) (the "State Court Action").

because the Mother filed this Chapter 13 bankruptcy case in April 2021, staying the state court action.[2]

The Children filed a proof of claim (the "Claim") based on the State Court Summary Judgment in the amount of $28,875.85, and filed this Adversary Proceeding seeking a determination that the debt arises from defalcation while acting in a fiduciary capacity and is nondischargeable under 11 U.S.C. § 523(a)(4).[3] On June 3, 2022, the Children moved for summary judgment.[4] The Mother opposes the Children's motion and filed her own cross-motion for summary judgment.[5]

In a Joint Stipulation, the parties agree that:

(1) the Land Trust exists;

(2) the Mother and her Former Husband were co-trustees of the Land Trust;

(3) the Children were beneficiaries of the Land Trust and entitled, collectively, to 50% of the Timeshare;

(4) the co-trustees were required to distribute the Timeshare to the beneficiaries after twenty years passed;

(5) the Mother was the sole trustee of the Land Trust after the death of her Former Husband;

(6) the Children did not receive their share of the Timeshare after the expiration of the twenty-year period; and

---

[2] *In re Roach*, No. 21-13557-PDR (Doc. 1) (Bankr. S.D. Fla. Apr. 15, 2021) (the "Main Case").

[3] (Main Case Claim 8-1). On June 23, 2022, exactly one year after the Children filed their proof of claim, the Mother objected to it. (Main Case Doc. 34). The Children oppose the objection as, among other things, untimely. (Main Case Doc. 37). The objection remains pending in the Main Case.

[4] (Doc. 55).

[5] (Doc. 62).

(7) the Mother transferred the Timeshare from herself as trustee to herself individually.[6]

The Mother submitted an affidavit in support of her Cross Motion for Summary Judgment. The Plaintiffs did not contest the affidavit. In addition, at the hearing on the motions on July 20, 2022, the parties stipulated that all facts necessary to adjudicate the claims and defenses are before the Court and agreed that no trial is necessary.[7]

## Jurisdiction & Venue

The Court's subject matter jurisdiction is derived from 28 U.S.C. § 1334. The Court has statutory authority to hear and determine this proceeding under 28 U.S.C. § 157(a) & (b)(2)(I), and the general order of reference from the United States District Court for the Southern District of Florida. The Court has constitutional authority to enter final orders in this core proceeding. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## Analysis[8]

The Children argue the Mother committed "defalcation while acting in a fiduciary capacity" and the debt arising from the State Court Summary Judgment and reflected in the Claim is nondischargeable under 11 U.S.C. § 523(a)(4). "Defalcation" is subject to many definitions, but can broadly be defined as misappropriation of, failure to account for, or failure to produce trust property. *See*

---

[6] (Doc. 61).

[7] (Docs. 58 & 66).

[8] The standard for granting summary judgment under Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56 is well known and given the parties agreement there is no need to recite it here.

*Quaif v. Johnson*, 4 F.3d 950, 955 (11th Cir. 1993); *Weiss v. Fautz (In re Fautz)*, 636 B.R. 553, 571 (Bankr. D. Colo. 2022); *Parklex Assocs. v. Deutsch (In re Deutsch)*, 575 B.R. 590, 601 (Bankr. S.D.N.Y. 2017). The State Court Summary Judgment Order and the Joint Stipulation both independently establish that the Mother committed defalcation while acting in a fiduciary capacity when she transferred the entire interest in the Timeshare from herself as trustee to herself individually.[9] On its face, this would ostensibly end the inquiry.

However, not every act of defalcation by a fiduciary satisfies § 523(a)(4). In *Bullock v. BankChampaign,* the Supreme Court explained that the intent requirement for defalcation under § 523(a)(4) "includes a culpable state of mind requirement . . . involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." 569 U.S. 267, 269 (2013). Applying the Model Penal Code's definition for gross recklessness, the Supreme Court explained that a fiduciary acts grossly reckless if she

> consciously disregards (or is willfully blind to) a substantial and unjustifiable risk that [her] conduct will turn out to violate a fiduciary duty. That risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to [her], its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation.

---

[9] The Plaintiffs argue that the Court must give the State Court Summary Judgment issue preclusive effect as to the state court's determination of breach of contract and breach of fiduciary duty. The Defendant disagrees and argues that the Eleventh Circuit's decision in *In re Harris*, 3 F.4th 1339 (11th Cir. 2021) prevents the State Court Summary Judgment Order from having issue preclusive effect. However, this question is immaterial because the relevant facts determined by the State Court Summary Judgment are also agreed to in the Joint Stipulation. Because every factual issue is resolved by stipulation, the Court need not address the issue preclusive effect of the State Court Summary Judgment.

*Id.* at 274 (quoting ALI, Model Penal Code § 2.02(2)(c), p. 226 (1985)).

But defalcation is a civil claim. How might one apply the "law-abiding person" standard to a civil claim? Other courts considering this question have turned back to the Model Penal Code for answers, which explains that a court's analysis under the "law-abiding person" standard "must focus on the defendant's perceptions and given those perceptions, make a value judgment as to whether the defendant's conduct deserves to be sanctioned." *MacArthur Co. v. Cupit (In re Cupit)*, 514 B.R. 42, 54 (Bankr. D. Colo. 2014). The gross recklessness standard, therefore, requires the Court to determine whether the debtor was subjectively aware, or willfully blind to, the possibility that her conduct might violate a fiduciary duty. *See Caitlin Energy, Inc. v. Rachel (In re Rachel)*, 527 B.R. 529, 542 (Bankr. N.D. Ga. 2015) (citing *Cupit*, 514 B.R. at 50–52).

The Mother argues her actions were not grossly reckless because she transferred the Timeshare "to satisfy a debt owed from the [Land Trust] to herself, and only after making a good faith effort to transfer the Timeshare property to the beneficiaries of the [Land Trust]." The Court accepts that the Mother made Timeshare Payments she was not required to make because her Former Husband failed to do so. The Court also accepts that those payments benefitted the Land Trust in that, without them, the rights to the Timeshare may have been lost. Regardless, these assertions, even if true, do not affect the Court's analysis.

Initially, the Mother fails to articulate any basis for why she believed the Land Trust was obliged to reimburse her for the Timeshare Payments. Therefore, the

premise upon which the Mother's defense rests is faulty. The Mother points to no provision of the Land Trust Agreement, separate agreement, oral representation, or any legal principle to support her claim. Without any subjective basis to believe she was actually owed money from the Land Trust, her justification for violating her duty under the Land Trust Agreement begins to wither.

More fundamentally, even if the Court assumes the Land Trust owed the Defendant a debt, her decision to unilaterally transfer the Timeshare to herself in direct contravention of the terms of the Land Trust Agreement was subjectively grossly reckless. The Mother had numerous options once the Children refused her demands. She could have, for example: (1) contacted a lawyer to determine what rights and obligations she had, (2) filed an action so that a court may determine the issue, or (3) complied with the Land Trust Agreement and transferred the Timeshare to the beneficiaries as required. Instead, the Mother chose to act in her unilateral self-interest by transferring the Timeshare to herself individually. She offers no legitimate basis for why she might have been laboring under a misconception that she had that authority. The Mother certainly did not receive legal advice supporting her belief.[10]

The record is, therefore, devoid of any support for the Mother's subjective belief that her actions were appropriate. Absent any such subjective belief, the transfer in violation of the Land Trust Agreement was not merely negligent—it was grossly reckless. At a minimum, the Mother was willfully blind to a substantial and

---

[10] The Defendant's failure to consult counsel in this instance constitutes willful blindness. *See Rachel*, 527 B.R. at 542 (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011)).

unjustifiable risk that transferring the Timeshare to herself in direct contravention of the terms of the Land Trust Agreement would violate her fiduciary duty. That risk was of such a nature and degree that this disregard of her fiduciary duty constitutes a gross deviation from the standard of conduct that a law-abiding person would observe in her situation.

Accordingly, the Court **ORDERS**:

1. The Plaintiffs' Motion for Summary Judgment (Doc. 55) is **GRANTED**.

2. The Defendant's Motion for Summary Judgment (Doc. 62) is **DENIED**.

3. The debt owed to the Plaintiffs as provided for by Claim 8-1 is hereby declared **NONDISCHARGEABLE**.

4. The Court will enter a separate Final Judgment consistent with Fed. R. Bankr. P. 7058.

### # # #

*Copies to Stephen Orchard, Esq. who is directed to serve this Order on all interested parties.*